## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY D. WORKMAN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 14-cv-00438 (TSC)(AK) |
| ) | |
| CAROLYN W. COLVIN, *in her official* ) | |
| *capacity as Acting Commissioner, Social* ) | |
| *Security Administration* ) | |
| ) | |
| Defendant. ) | |
| ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Gary Workman seeks reversal of a June 8, 2012 decision by an Administrative Law Judge ("ALJ") denying him both Disability Insurance Benefits ("DIB") and Supplemental Security Income benefits ("SSI"). This action was assigned to Magistrate Judge Kay for full case management, and after reviewing Plaintiff's motion for judgment of reversal, as well as Defendant's motion for judgment on the pleadings, Judge Kay issued a Report and Recommendation ("Report"), recommending that the court grant both motions in part and deny them in part. Plaintiff timely objected to the Report. Upon consideration of the record in this case, the Report, and the objections and responses thereto, the Court hereby adopts the Magistrate Judge's Report. The Court further accepts Judge Kay's Recommendation, and denies Plaintiff's appeal of the Report.

### I.    BACKGROUND

Plaintiff first applied for DIB and SSI on December 20, 2007.  (Administrative Record ("AR") 258, 266).  Both of these applications were denied.  (*Id*. 160, 163).  Plaintiff then requested reconsideration, and appeared before an ALJ on May 24, 2010.  (*Id*. 92-132).  The ALJ issued a decision on July 11, 2010, finding Plaintiff not disabled within the meaning of the Social Security Act.  (*Id*. 137-153).  Plaintiff appealed to the Appeals Council, which vacated the ALJ's decision on October 28, 2011, and remanded both the DIB and SSI applications to the ALJ.  (*Id*. 155-57, 2015).

Plaintiff had a second hearing on May 17, 2012, and the ALJ denied both applications in a June 8, 2012 decision.  (*Id*. 41-60).  Plaintiff again appealed to the Appeals Council, which denied Plaintiff's request for a second rehearing.  (*Id*. 1-4).  After the second denial, Plaintiff filed a new application for SSI, which included evidence he had not previously provided; that application was ultimately approved.  (Pl. Mot. to Reverse at 2).

Plaintiff's suit challenged the June 8, 2012 adverse ruling, arguing that had he been found to be disabled as of December 31, 2009, his benefits would have been tied to earning records from that date, resulting in a significantly higher monthly income.  (*Id*.).  He claimed that the ALJ erred on two grounds.  First, the ALJ's determination of his Residual Functional Capability ("RFC") was erroneous because: (1) the ALJ did not properly evaluate evidence of Plaintiff's trigger fingers; (2) the ALJ's determination that Plaintiff could not perform light work was not supported by substantial evidence; and (3) the Appeals Council improperly disregarded additional evidence supporting a more restrictive RFC.  (*Id*. at 1).  Second, he argued that the ALJ erred by failing to accurately describe Plaintiff's finger and hand limitations in the hypothetical questions posed to the Vocational Expert.  (*Id*.).

Judge Kay's Report found that the ALJ's evaluation of Plaintiff's trigger fingers was unsupported by substantial evidence, since the ALJ did not address, nor give controlling weight to, the findings by two of Plaintiff's treating physicians that Plaintiff had abnormal functioning in his upper extremities and fingers.  (Report at 11).  Judge Kay recommended that the case be remanded solely for further factual development of the impact Plaintiff's trigger fingers would have on any disability finding, but denied the rest of Plaintiff's motion for reversal, finding the ALJ did not err in his other determinations, or in his questioning of the Vocational Expert.  (*Id.* at 12-18).  Judge Kay also denied Defendant's motion for judgment on the pleadings as to the trigger fingers issue, but granted it as to Plaintiff's remaining issues.  (*Id.* at 18).

Plaintiff now challenges the Report on three bases.  First, he argues that Judge Kay's findings regarding his trigger fingers require a finding of disability, not a remand to the Agency for further factual development.  Second, he argues that Judge Kay's recommendation upholding the ALJ's findings with respect to Plaintiff's knee impairments is unsupported by substantial evidence.  Third, he argues that Judge Kay misconstrued the standard under which new evidence can be received by the Appeals Council.  Plaintiff does not challenge Judge Kay's finding that the hypotheticals the ALJ posed to the Vocational Expert were not deficient and did not prejudice Plaintiff.

## II.    LEGAL STANDARD

When a Magistrate Judge issues a recommendation for a dispositive motion, the "district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  FED. R. CIV. P. 72(b)(3).  The judge may then "accept, reject, or modify

the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

In order to receive disability benefits, a claimant must prove that he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423 (d)(1)(A). The disability must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work."  *Id.* § 423 (d)(2)(A).  "The claimant must support his claim of impairment with '[o]bjective medical evidence' that is 'established by medically acceptable clinical or laboratory diagnostic techniques.'"  *Espinosa v. Colvin*, 953 F. Supp. 2d 25, 31 (D.D.C. 2013) (citing 42 U.S.C. § 423(d)(5)(A)).

The Social Security Administration's evaluation of a disability claim follows a five step inquiry: (1) Is the claimant engaged in substantial gainful work? (2) Does the claimant have a severe impairment? (3) Does the impairment equate to a listed disability in 20 C.F.R., Part 404, Subpart P, Appendix 1? (4) Is the claimant able to return to their relevant past work, despite suffering the impairment?  (5) Can the claimant perform any other work that exists in significant numbers in the national economy?  *Brown v. Bowen*, 794 F.2d 703, 705-706 (D.C. Cir. 1986). "Between the third and fourth step, the SSA uses the entire record to make a determination of the claimant's residual functional capacity ('RFC'), which is 'the most [the claimant] can still do

4

despite [the] limitations' caused by the impairment." *Espinosa*, 953 F. Supp. 2d at 31. If, during the fourth step, the Plaintiff's RFC indicates that they are able to "return to their relevant past work", then the claimant is not disabled. *Id.* Similarly, if, during the fifth step, the claimant's RFC shows they can adapt to "other work that exists in the national economy," then they are not disabled. *Id.* (citing 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1545(a)(5)(ii)). "During these first four steps, the claimant bears the burden of proof. At the fifth and final stage, the burden shifts to the Secretary to show that the individual, based upon his or her age, education, work experience, and residual functional capacity, is capable of performing gainful work." *Brown*, 794 F.2d at 705–06.

"'In a disability proceeding, the ALJ 'has the power and the duty to investigate fully all matters in issue, and to develop the comprehensive record required for a fair determination of disability.'" *Butler v. Barnhart*, 353 F.3d 992, 999 (D.C. Cir. 2004) (internal quotations omitted). Therefore, a reviewing court will not overturn the findings of the Commissioner if they are "supported by substantial evidence and [are] not tainted by an error of law." *Smith v. Bowen*, 826 F.2d 1120, 1121 (D.C. Cir. 1987); *see also* 42 U.S.C. § 405(g). Substantial evidence "is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Butler*, 353 F.3d at 999 (quoting *Richardson v. Perales,* 402 U.S. 389, 401 (1971)). A reviewing court in a substantial-evidence case must engage in "careful scrutiny of the entire record." *Brown*, 794 F.2d at 705 (internal citation omitted).

## III.   ANALYSIS

### a.   Trigger Finger Findings

Plaintiff argues that since Judge Kay found that the ALJ erred by not giving controlling weight to the treating physicians' opinions, the only possible outcome consistent with this finding is that Plaintiff is disabled.  Therefore, the case should be reversed and remanded for payment of benefits, not remanded for further factual development.  Defendant responds that since factual questions still exist regarding the severity of Plaintiff's impairment, the case must be remanded.

The Administrative Record shows that Doctors King and Manning directly treated Plaintiff, and under our Circuit's treating physician rule, "[a] treating physician's report is 'binding on the fact-finder unless contradicted by substantial evidence.'" *Butler*, 353 F.3d at 1003 (citing *Williams v. Shalala*, 997 F.2d 1494, 1498 (D.C. Cir. 1993)).  An ALJ who rejects a treating physician's opinion must explain his or her reason for doing so.  *Id.*  Here, the ALJ failed to give the treating physicians' reports the weight to which they were entitled with regard to Plaintiff's trigger fingers, and the court agrees with Judge Kay's finding that the ALJ's decision was not supported by substantial evidence.

The court also agrees that the case should be remanded for further factual determination, and not reversed and remanded for a determination of benefits.  "A remand solely for the award of benefits is appropriate 'where the evidence on the record as a whole is clearly indicative of disability and additional hearings would serve no purpose other than to delay the inevitable receipt of benefits[.]'" *Espinosa*, 953 F. Supp. 2d at 35-36 (citing *Hawkins v. Massanari*, No. 00–2102, 2002 WL 379898, at *4 (D.D.C. Mar. 8, 2002)).  Even giving the treating physicians' opinions controlling weight, the court finds that the record does not clearly indicate that Plaintiff is disabled, since the ALJ highlighted other possible causes of Plaintiff's hand/finger

impairments, as well as other physicians' opinions which concluded that Plaintiff could perform light work. (AR 47-54). Thus, based on the record before it, the ALJ could still find that substantial evidence does not support a finding of a disability.

Plaintiff argues in his Objections that the Vocational Expert's response to his final question on the impact of having trigger fingers clearly established that he is disabled. However, the court finds that the question posed to the Vocational Expert went further than the limitations described in Dr. King's affidavit, and therefore does not form a basis to remand the case for payment of benefits. Dr. King declared that Plaintiff's hand and finger impairments prevent him from lifting or carrying more than ten pounds on a sustained basis, or "performing any job requiring sustained handling, seizing, holding, grasping or turning, or any job requiring fingering, picking, pinching, or other fine manipulation," but King did not state that Plaintiff could not engage in any light work. (AR 714-715). However, Plaintiff's counsel asked the Vocational Expert if an individual could find employment if he had the limitations described in Dr. King's affidavit, which precluded that individual from performing any "light level" jobs. (AR 89). Thus, counsel instructed the Vocational Expert **to assume** that the limitations described in the King affidavit precluded Plaintiff from performing any light work jobs; the King affidavit did not find that Plaintiff was precluded from light work.

For these reasons, as well as the ones cited in the Report, the court finds that there remain outstanding factual issues with regard to Plaintiff's trigger fingers, and the case will be remanded for further factual findings. On remand, the ALJ must determine how the treating physicians' opinions factor into the RFC analysis, and whether and to what extent Plaintiff's ability to work is impacted by his trigger fingers.

b.  Plaintiff's knee and foot impairments

Plaintiff argues that Judge Kay erred in upholding the ALJ's finding that Plaintiff could perform light work despite his knee and foot impairments, because the ALJ's finding was unsupported by substantial evidence.  The court disagrees, and concurs with Judge Kay that the ALJ, in accordance with this Circuit's treating physician rule, properly explained his findings with regard to Plaintiff's knee impairments.  (Report at 14).  The court agrees that there is support in the record for the ALJ's findings that Plaintiff was exercising despite his alleged impairments, and that the record is generally devoid of knee pain complaints after Plaintiff's March 2009 knee surgery.  Further, while the ALJ's note that Plaintiff only saw Dr. King sporadically in 2010 and 2011 is contradicted by the record, which indicates more frequent visits, the court agrees that this discrepancy amounts to harmless error since Dr. King was not the primary treatment provider for Plaintiff's knee ailments then.  (*Id*. at 14-15).  The court therefore finds that the ALJ's determination "is supported by substantial evidence and is not tainted by an error of law," and the court agrees with the Report's recommendation regarding Plaintiff's knee and foot conditions.  *Smith*, 826 F.2d at 1121.

c.  Whether the Appeals Council should have considered new evidence regarding Plaintiff's knee condition

Plaintiff argues that Judge Kay also erred in upholding the Appeals Council's decision to not consider new evidence regarding his July 18, 2013 knee surgery.  He argues that this new evidence was material because it might have changed the proceeding's outcome.  However, under 20 C.F.R. § 404.970(b), the Appeals Council "shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." *Id.*  The ALJ evaluated the period prior to June 8, 2012, and Plaintiff's knee surgery

occurred over a year later.  The Appeals Council therefore properly excluded the evidence, and

the court agrees and adopts the reasoning of the Report and will not order the ALJ to consider the

evidence of Plaintiff's July 18, 2013 surgery.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Appeal of the Magistrate Judge's Report is

DENIED.   A corresponding order will issue separately.


Date:  September 1, 2016


*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge